## ARGUED AND DETERMINED

IN THE

# COURT OF COMMON PLEAS,

FOR THE

## CITY AND COUNTY OF NEW YORK.

MICHAEL COYNE, Respondent, *against* THE NEW YORK
LONGSHOREMEN'S PROTECTIVE ASSOCIATION, No. 3,
Appellant.

(Decided January 21st, 1884.)

In an action by a member of an incorporated benevolent association to
recover from the association money claimed by him as a benefit upon
the death of his wife, it appeared that, under the by-laws of the associa-
tion, a member in arrear for dues for more than three months was not
entitled to such benefits; and the official record of the association and
the testimony of one of its officers, who alone was authorized to receive
payment of dues, showed plaintiff to have been in arrear more than
four months at the time of his wife's death. *Held*, that this evidence
was not overcome by testimony of plaintiff to the contrary, from his
memory, he having lost his book containing entries of payments; and
that subsequent payment of his dues, and their receipt by the associa-
tion, did not re-instate his right to the benefit in question.

APPEAL from a judgment of the district court in the
City of New York for the First Judicial District.

The facts are stated in the opinion.

*J. D. McClelland*, for appellant.

*D. Finn*, for respondent.

BEACH, J.—The official record and the testimony of the financial secretary, who alone was authorized to receive payment of dues, clearly shows the plaintiff to have been in arrear over four months at the date of his wife's death. This cannot be overcome by the plaintiff's loose statements from memory, he having lost his book containing entries of payments. Being at the time in arrear over three months, he was not entitled to the fifty dollars benefit.

Subsequent payment of his dues, and their receipt by the association, could not re-instate the plaintiff's right to the fifty dollars. The defendant was under no legal obligation to pay the benefit when his wife died, and could incur none by thereafter accepting dues, which the plaintiff as a member was bound to pay, and the society to receive.

The judgment should be reversed and a new trial ordered, with costs to the appellant to abide the event.

CHARLES P. DALY, Ch. J., and LARREMORE, J., concurred.

Judgment reversed and new trial ordered, with costs to appellant to abide event.