RONALD *v.* MUTUAL RESERVE FUND LIFE ASS'N.[1]

(*Circuit Court, New York County.* April, 1889.)

1. LIFE INSURANCE—CONDITIONS OF POLICY—ACCEPTANCE OF OVERDUE PREMIUM.

   A policy of life insurance stipulated that upon a failure to pay any premium when due the policy should become void. There was such a failure, and, upon a tender of the amount thereafter, the insurer accepted it, and gave a receipt, which stated that it was accepted upon condition that the insured was of temperate habits, and in as good health as when the policy was issued; otherwise the payment and receipt and the original policy should be void. Such acceptance and receipt were provided for in the constitution and by-laws of the insurance company, which were made a part of the original contract of insurance. *Held,* that such payment and receipt constituted a new contract, by which insured was bound, whether he read the receipt or not; and, it appearing that he was not at that time of temperate habits, nor in as good health as when he was originally insured, the receipt was of no effect, and the policy remained void.

2. SAME—WAIVER.

   The insurer does not waive such forfeiture by requesting proofs of the death of the insured and giving instructions in regard thereto.

Agnes Ronald sued upon a certificate of insurance issued by the Mutual Reserve Fund Life Association upon the life of George Ronald, and made payable to plaintiff, which contained a stipulation that upon failure to make the payments thereon when they were due the certificate should be void, and all payments made thereon be forfeited to the company. One Hardenburg presented to defendant on September 26, 1884, the amount due August 21, 1884, for which defendant gave a receipt, stating that, the payment not having been made when it was due, it was accepted only on condition that the insured was at that time in as good health as when the certificate was issued; otherwise such certificate should be void, as therein provided. It was not, at the time of payment, disclosed to defendant that the insured was ill. He died

[1] From 23 Abb. N. C. 271.

the next day, and defendant, upon being informed of his death, delivered to plaintiff's representative blank proofs of loss, with instructions as to filling up the same, and subsequently resisted payment on the ground of forfeiture, whereupon plaintiff brought this action. At the close of plaintiff's case defendant moved to dismiss the complaint.

*Charles B. Meyer,* for plaintiff. *Taylor & Parker,* for defendant.

BARRETT, J. By the failure to pay the dues, $10, on or about August 21, 1884, the policy became null and void, and all previous payments made thereon were forfeited to the company. The contract of life insurance was then at an end. This was the situation when Mr. Hardenburg went to the office of the company on September 26, 1884, and paid the $10 so due on the 21st of the preceding August. Mr. Hardenburg was bound to know that a reinstatement of the policy on September 26th depended upon the will of the company, and accordingly he should have examined the instrument given to him at the time of payment. Such instrument could not, in the nature of things, have been understood to be an ordinary receipt of dues. It would naturally express the terms of waiver, or the conditions of reinstatment, or whatever else was essential to give renewed life to the old policy or to create a new contract. The receipting clerk had no authority in law to contract afresh for the company, except upon the terms and conditions to which he was limited by the instructions given to him pursuant to the constitution and by-laws, which constitution and by-laws were made part and parcel of the original contract of insurance. Accordingly the payment of the $10, and the delivery, contemporaneously therewith, of the receipt, together constitute the fresh contract. The insured thereupon became bound by the terms and conditions embodied in the receipt, and he so became bound whether he or Mr. Hardenburg read it or not. He was as much bound by the terms of the receipt as he was by the terms of the original policy. Now, this is a conditional receipt. It specifies the fact that the time for the payment of the dues had expired; that such payment was tendered after the expiration of the contract period; and that the receipt was given and accepted upon certain conditions. These conditions read as follows: "That the said member is now living, and of temperate habits, and is in as good health as when originally received as a member of the association under the certificate." And it further provides that otherwise the payment and the receipt and the original certificate should be null and void. It is clear, upon the evidence, that the insured was not, on September 26, 1884, a man of temperate habits, nor in as good health as when originally received as a member of the association under the certificate. It would seem to follow, therefore, that the payment at that date of the August dues was null and void, and that the original certificate received no fresh life. It remained just as it was at the time of payment,—null and void.

It is also contended that there was a waiver resulting from the request for proofs of death, and from the instructions given in regard to them. In my judgment this request and these instructions did not amount to a waiver of an existing forfeiture. The plaintiff was not thereby misled to her prejudice. Her rights depended upon the facts existing at the death of her husband. The question of waiver might subsequently arise with respect to conditions as to the proofs of death, but the insurer is not bound to abandon its claim of forfeiture if it would insist upon a compliance with the terms of the policy as to the proof of death. The case of *Insurance Co.* v. *Stevenson,* 8 Ins. Law J. 922, is in point. The principle which I have stated was there maintained by the court of appeals of Kentucky, and the learned editor of the journal adds a very copious and instructive note, citing all the cases upon the subject, and making the following clear and correct statement of the results: "If the mere demand for formal proof of loss, with a knowledge that the insured had violated a policy stipulation, were liable to operate as a waiver of such stipula-

tion, it would follow that the insurer must surrender his right to demand such proof, if he would avail himself of the breach; or, at any rate, he could not safely demand proof without at the same time being careful to notify the insured of his proposed future line of defense." There are cases which hold that there may possibly be an election between the claim of forfeiture, because of acts antecedent to the death of the insured and the demand for proofs of death, but those are cases where, upon the facts, there was a clear election; cases where the plaintiff had been subjected to expensive and burdensome efforts to supply elaborate details in the proofs required by the company; cases where the facts otherwise indicated clear abandonment of any position inconsistent with the demand for such elaborate and expensive proofs. It is needless to say that nothing of the kind exists in the present case. The defendant asked for nothing more than the ordinary proofs required under ordinary circumstances, and just as soon as it was clear to the mind of those who were acting for the company that there was no just claim against it, owing to the facts existing at the time of death, that position was promptly asserted. For these reasons I feel constrained to dismiss the complaint; and I think it fair to say that it is one of those cases where a well-regulated company, desiring to do justice to all those whom it represents, might fairly, and with a due sense of equity, make the defense it has here. It certainly was a very peculiar case, where, after a policy had lapsed for over a month, and the insured was within one day of his death,—suffering from fatty degeneration of the heart,—the dues have been tendered without full disclosure of the then existing facts. I do not suppose there is the slightest doubt that if the whole truth had been known to the officers of the company they would scarcely have felt justified in acceding to the request that the insurance be kept alive. I am satisfied, therefore, that in this case the application of the rules of law do not work any real hardship. Complaint dismissed.