PEOPLE *ex rel.* CROWLEY *v.* SUPREME COUNCIL, CATHOLIC BENEVOLENT LEGION. ·

*(Supreme Court, Special Term, New York County.* June, 1889.)

INSURANCE—MUTUAL BENEFIT—SUSPENSION OF MEMBERS.

The constitution of a benevolent association provided that notice of assessments should be sent by the supreme council to the assessment collectors of subordinate councils, who should notify the members; that the notice to the members should bear the date of the notice to the assessment collector; and that, unless a member paid the assessment within 40 days from the date of the notice, he should "stand suspended from the council." *Held*, that an order suspending a subordinate council on the ground that its members "stood suspended" because of their failure to pay assessments within 40 days from the date of the notice from the supreme council is void where it appears that, through the negligence of the assessment collector, the members never received the notice.

Application by Dennis Crowley for *mandamus* to the supreme council, Catholic Benevolent Legion, to reinstate him as a member of a subordinate council of respondent. The subordinate council of which relator was a member was suspended by the supreme council on the ground that its members stood suspended for failure to pay various assessments which had been levied. The assessment collector of the subordinate council neglected to give to the members of his council notices of assessments made by the supreme council. When an assessment was made, a notice was sent from the supreme council to the collectors of the subordinate councils, who were thereupon required to give notice to the members of their several councils. The constitution, after prescribing the form of the notice, and that its date should be the same as the date of the notice received from the supreme council, provided that "each member shall pay the amount due within forty days from the date of said notice. Any member failing to pay such assessment within forty days shall stand suspended from the council." The supreme council required the members of the suspended council to be re-examined before it would reinstate the council, and relator failed to pass the examination.

*George C. Lay*, for relator. *John C. McGuire*, for respondent.

BARRETT, J. The question here is whether the relator was suspended from membership, *ipso facto*, because of the non-payment of an assessment within 40 days from the date of the call. In my judgment, he was not. Under the laws governing the respondent, the relator was entitled to notice of the assessment; and, upon well-settled principles, there should be no forfeiture without such notice. It is contended that the respondent, the supreme council, was only bound to notify the subordinate council of which the relator was a member of the calling of the assessment, and that the member is thereupon bound, under pain of forfeiture, to pay his share within the specified time, whether he receives notice from the collector of his subordinate council or not. · This is not a fair or just construction of the section in question. The notice provided for in this section to be given by the collector of the subordinate council to the member is part of the respondent's original law. The member has a right to rely upon the due execution of the provision therein incorporated, and upon the performance by the designated official of the duty thus imposed upon him. Even the form of the notice is prescribed by the supreme council, and the member is to pay his share of the assessment within 40 days from the date of this notice. The latter provision plainly implies the actual possession of the notice by the member. Else how is he to know the date? By the wording of the section, the member must pay within 40 days from the date of the notice to be given by the collector. The respondent claims that the member must so pay, or stand suspended, even if the collector, after preparing and dating the notice, should put it in his pocket, and lock it up. The 40 days, on this theory, run from the date of the undelivered paper.

Of course, this will not answer. The contention that the 40 days run from the date of the original notice given by the supreme to the subordinate council is equally untenable. That notice has no bearing upon the relations of the individual member to the subordinate council, nor, indeed, upon his relations to the supreme council, further than as he is component part of this subordinate council. It bears only upon the relations of the subordinate council to the supreme council; and provision is expressly made in section 9, subdivision 2, for the consequences to such subordinate council of non-compliance with the call. It is conceded that the subordinate council was not suspended because of the non-payment by it of the assessment called by the supreme council. Nor could it have been so suspended, in view of the receipt by the supreme council of the $66 ascertained upon full investigation to be the entire amount due. The subordinate council was therefore, in the view above taken of the rights of members, illegally suspended; for the members complained of were not in bad standing. They never "stood suspended," under the constitution and laws of the respondent, and the requirement with regard to a further medical examination was authorized. It follows that the relator is, and has been throughout, a member in good standing, and that he is entitled to the peremptory *mandamus* asked. Judgment for the relator accordingly, with costs.