### MARSHALL *v.* WOMEN'S MUT. INS. & ACC. CO.

*(Superior Court of New York City, General Term.* December 1, 1890.)

MUTUAL BENEFIT INSURANCE—REINSTATEMENT OF MEMBER.

Plaintiff took steps to have her husband reinstated to membership in a mutual insurance company under his lapsed certificate, at a time when he was sick with the disease from which he subsequently died. *Held,* that the concealment of that fact avoided whatever was done towards a reinstatement.[1]

Appeal from trial term.

Action by Mary Marshall against the Women's Mutual Insurance & Accident Company of North America. The complaint was dismissed upon the ground that the certificate sued upon had been forfeited for non-payment of assessments. From the judgment entered upon the dismissal, the plaintiff appeals.

Argued before SEDGWICK, C. J., and FREEDMAN and O'GORMAN, JJ.

*Charles H. Lovett,* (*Abel Crook,* of counsel,) for appellant. *John A. Kamping,* for respondent.

FREEDMAN, J. This action was brought on a certificate of membership. The evidence is uncontradicted that, when the plaintiff took certain steps to have Charles Marshall, whose life had been insured, reinstated, the said Marshall was lying sick in the hospital with the disease from which he subsequently died. That fact was concealed from the defendant. Such concealment avoided whatever was done towards a reinstatement. Upon the whole case there was not sufficient evidence upon which the jury could have found

[1]See note at end of case.

that the defendant waived the forfeiture clause. The complaint was properly dismissed, and the judgment and order should be affirmed, with costs.

NOTE.

MUTUAL BENEFIT INSURANCE—FORFEITURE OF CERTIFICATE. Failure to pay assessments within 30 days from the date of the notice thereof, as required by the constitution, will not forfeit a certificate of membership in a mutual benefit association, unless notice of the assessment is given "at once," as prescribed by the constitution. Knight v. Supreme Council, 6 N. Y. Supp. 427.· After failure to pay assessments, on notice being given, which, under the constitution of the association, operated a forfeiture of the member's certificate, the sending of a second notice to the member was held to operate a waiver of the forfeiture. Shay v. Society, 7 N. Y. Supp. 287. As to waiver of forfeiture, see, also, Baker v. Association, 27 Wkly. Dig. 91, (affirmed in 20 N. E. Rep. 416;) Kenyon v. Association, 48 Hun, 278. Tender of assessments to an officer unauthorized to receive the same will not bind the association, though it has been customary for such officer to receive assessments from members. Lazensky v. Supreme Lodge, 3 N. Y. Supp. 52. Such payment, however, is sufficient, where it is afterwards accepted by the association. Woelfer v. Heyneman, 2 City Ct. R. 15. As to payment of dues after forfeiture, see Coyne v. Association, 13 Daly, 1; Ronald v. Association, 7 N. Y. Supp. 152. The association may reinstate a forfeited certificate, unless, by the terms of the certificate, the other members have been benefited by the forfeiture. In such case the consent of the other members to such reinstatement is necessary. Milligan v. Goddard, 1 How. Pr. (N. S.) 377. Where one of the rules of a mutual benefit association annexed to a certificate of membership provided that unless assessments were paid within 30 days after notice thereof the certificate should become void, but that "for valid reasons to the officers of the association (such as failure to receive notice of an assessment) he may be reinstated upon paying assessment arrearages," and a member was stricken with apoplexy 24 days after he received notice of an assessment, and remained unconscious until his death, 11 days afterwards, it is a question for the jury whether there was a "valid reason" for reinstating the certificate. Dennis v. Association, 47 Hun, 338. Illegal suspension of member, see People v. Benevolent Legion, 10 N. Y. Supp. 248.