[Civil No. 2297. Filed April 18, 1925.]

[235 Pac. 397.]

# THE SUPREME LODGE OF FRATERNAL BROTHERHOOD, Appellant, v. PEDRO GRIJALVA, Appellee.

1. PLEADING—ALLEGATIONS OF FACT IN AFFIRMATIVE ANSWER ADMITTED BY DEMURRER.—By demurrer to affirmative answer and stipulation that, if overruled, judgment should be rendered for defendant, plaintiff admitted all allegations of fact in answer.

2. INSURANCE—ACCEPTANCE OF PAST-DUE PREMIUM WAIVER OF FORFEITURE ON GROUNDS KNOWN TO INSURER.—Acceptance of past-due premium is waiver of forfeiture on any ground known to insurer.

3. INSURANCE—WARRANTY OF GOOD HEALTH BY TENDER OF PAST-DUE ASSESSMENTS NOT AFFECTED BY STATUTE AS TO WAIVER OF PROMPT PAYMENT BY ACCEPTANCE THEREOF.—Provision of Civil Code of 1913, paragraph 3490, that acceptance of past-due assessments by benefit society waives objection to nonpayment when due does not affect provisions of certificate and by-laws that tender of such dues is warranty of good health, and that acceptance does not reinstate insured if not in such health.

4. INSURANCE—BENEFIT SOCIETY NOT LIABLE FOR BENEFITS ACCRUING AFTER FORFEITURE, UNLESS TERMS OF REINSTATEMENT ARE COMPLIED WITH.—Benefit society may impose such reasonable terms

2. Forfeiture of benefit certificate for nonpayment of dues or assessment, waiver by acceptance of arrearages or similar act, see notes in 11 Ann. Cas. 539; Ann. Cas. 1914C, 437; Ann. Cas. 1916D, 591. See, also, 19 R. C. L. 1277.

as it sees fit for reinstatement of members, who have forfeited rights, and, unless all such terms are complied with, is not liable for benefits accruing after forfeiture.

5. INSURANCE — REQUIREMENT OF GOOD HEALTH AND WARRANTY THEREOF AS CONDITION OF REINSTATEMENT OF LAPSED CERTIFICATE NOT UNREASONABLE.—Provision in benefit certificate that insurance, forfeited through member's negligence, cannot be reinstated, unless he warrants himself to be and is in good health at time of application, is not unreasonable, and acceptance of past-due assessments, does not reinstate certificate by compulsory waiver of such condition, where insurer is ignorant of condition of health.

6. INSURANCE—CERTIFICATE NOT REINSTATED BY INSURED'S PAYMENT OF DELINQUENT PREMIUMS WHILE CONFINED TO BED WITH FATAL DISEASES, WITHOUT INSURER'S KNOWLEDGE.—Where insured at time of paying delinquent premiums was confined to bed with tuberculosis, nephritis and cardiac trouble, of which insurer had no knowledge until after her death, warranty of good health, required by certificate and by-laws, was untrue to her knowledge, and payment did not reinstate certificate.

See (1) 31 **Cyc.**, p. 333. (2) 32 **C. J.**, p. 1348. (3) 29 **Cyc.**, p. 183. (4) 29 **Cyc.**, p. 183. (5) 29 **Cyc.**, p. 183. (6) 29 **Cyc.**, p. 183.

APPEAL from a judgment of the Superior Court of the County of Cochise. A. M. Sames, Judge. Judgment reversed and cause remanded.

Mr. B. E. Marks, for Appellant.

Messrs. Doan & Stephenson, for Appellee.

LOCKWOOD, J.—Pedro Grijalva, hereinafter called plaintiff, brought suit against the Supreme Lodge of the Fraternal Brotherhood, a fraternal benefit association organized under the laws of California, hereinafter called the defendant, alleging substantially as follows: That one Barbara Aguirre, hereinafter called the insured, was during her lifetime a member of defendant association; that on

5. Waiver of conditions of reinstatement of member of benefit society, see note in **L. R. A.** 1917C, 260.

August 6, 1921, and while she was such a member, defendant issued to her a benefit certificate in the sum of $1,000 payable to plaintiff in case of her death from natural causes while the certificate was in force, and that she died from natural causes May 17, 1923; that she had paid all dues and assessments and done all things required by defendant under the terms of the certificate, to keep it in force, and had complied with the constitution, by-laws, rules and regulations of the association; that due proof had been made of the death and demand made for the payment of the $1,000, which was refused, and plaintiff therefore brought his action.

Defendant answered, admitting the allegations of the complaint as to the original issuance of the certificate, but denied that the same was in force at the death of the insured. An affirmative defense was then set up to the effect that the insured had not complied with the conditions of her certificate, in that she had not paid the assessment provided for thereunder which was due on February 1, 1923, until March 29, 1923; that by her failure to make said payment on and before February 28, 1923, under the by-laws said certificate became null and void, and was not reinstated by the payment of March 29, 1923, for the reason that under such by-laws, when an assessment was not paid during the month it was due, the certificate automatically became null and void, and that while, by the payment of back dues and assessments within 60 days, a member who was then in good health might become reinstated, yet when a member did pay such back dues and assessments for the purpose of reinstatement, he thereby warranted that he was in good health, and that as a matter of fact insured was not at the time of the payment of March 29th, in good health, but on the contrary had for a long time been, and was then, confined to

her bed with chronic pulmonary tuberculosis, ne-
phritis and cardiac disease; and that defendant did
not, at the time of said payment or at any time before
the death of insured, know she was not in good
health. Plaintiff demurred to the affirmative defense,
and it was stipulated that if the demurrer should be
overruled, judgment should be rendered for defend-
ant, but if it was sustained, then for plaintiff. The
court sustained the demurrer and rendered judgment
in accordance with the stipulation, and defendant ap-
pealed therefrom.

By the demurrer to the affirmative answer and the
stipulation, plaintiff, of course, admitted all the alle-
gations of fact in such answer. The whole case,
therefore, turns on the interpretation of sections 131,
132, 133, 134 and 136 of defendant's by-laws, inter-
preted in the light of paragraph 3490, Revised Stat-
utes of Arizona of 1913, as the by-laws were ex-
pressly made a part of the certificate by the terms
therein. Said by-laws so far as material for the de-
termination of this case, read as follows:

"Section 131. *Liability of Beneficiary Member for
Assessments.*—Every beneficiary member heretofore
and hereafter admitted into this society, shall be liable
for and shall pay one assessment and monthly dues
for each and every month in accordance with these
laws or the terms of his certificate.

"Section 132. *Member When Suspended.*—Every
beneficiary member who shall fail to pay any regular
or special assessment on or before the last day of
the month, within which same is payable . . . shall
*ipso facto* become suspended and during such sus-
pension his benefit certificate shall be null and void.

"Section 133. *Right Denied a Suspended Member.*
A suspended member is not entitled to any of the
benefits of the society, either fraternal or financial.

"Section 134. *Reinstatement in Sixty Days.*—Any
member suspended for the nonpayment of assess-
ments, fines or dues, if in good health, . . . may
within sixty days (60) from the date of suspension

be reinstated by the payment of the current assessments and dues and of fines, dues and assessments which he would have paid had he remained in good standing. Whenever assessments or dues are paid by or for a suspended member for the purpose of reinstatement, said member shall by such payment be held to warrant that he is in good health . . . to contract such assessment or dues when so paid after his suspension for nonpayment shall be received and retained without waiving any of the provisions of this section until such time as the Supreme Secretary, Executive Committee or the Board of Supreme Trustees shall have knowledge that the member was not in good health when he attempted to reinstate, . . . provided, however, that the receipt and retention of such payment in case the suspended member is not in good health . . . shall not reinstate or entitle member or his beneficiaries . . . to any rights under his benefit certificate, and provided further, that such payment made for the purpose of reinstatement either before or after death shall not constitute a waiver of any of the provisions of these laws.

"Section 136. *No Waiver by Retention of Assessments or Dues.*—The retention by the society of any assessments or dues paid either before or after death of any member for his reinstatement, or of any assessment or dues paid subsequently thereto, shall not constitute a waiver of the provisions of these laws."

Section 3490, *supra,* reads as follows:

"The constitution and laws of the society may provide that no subordinate body, nor any of its subordinate officers or members shall have the power or authority to waive any of the provisions of the laws and constitution of the society, and the same shall be binding on the society and each and every member thereof and on all beneficiaries of members. But the acceptance of any dues or assessments after the time the same become due or payable shall be a waiver of any objection that the same were not paid when due."

Plaintiff's position is that under the last sentence of paragraph 3490, *supra,* an acceptance by defendant of an overdue assessment waives not only the objec-

28 Ariz.—6

tion that the payment was made too late, but also all consequences which have already arisen by the failure to pay, and any terms required by the insurer as a condition precedent to reinstatement. · Defendant contends that the failure to pay automatically voids the certificate, and that where the insured offered to pay the delinquent assessments, by the terms of the by-laws themselves, she warranted her own good health, and agreed that ·the acceptance thereof should not of itself reinstate her unless she was in good health, that the statute, by its terms, waives only the subsequent raising of one specific objection to the validity of the certificate, viz., the dilatory payment, but that cannot be extended to include a waiver of a warranty of present fact, which is an express condition of the tender and acceptance of payment.

Paragraph 3490, *supra,* with the exception of the final sentence, has its counterpart in many states. That sentence is unique and we have no direct aid in construing it. We may, though, take into consideration the statute in its original form, its construction and effect elsewhere, and since the phrase in question is intended obviously as a limitation of the preceding sentence, it is only reasonable to assume it was meant to remedy a situation which had arisen elsewhere on account of the construction of the principal clause of the paragraph, in relation to the acceptance of payment of past-due assessments.

Now, it has always been held, even in the absence of statute, that acceptance of a past-due premium by an insurance company was a waiver of forfeiture for any ground known to the insurer, but not for grounds unknown to it. 32 Corpus Juris, 1248.

Frequently a situation arose, however, when the payment was made to a local lodge or branch of the insurer, in fraternal benefit associations, which had

knowledge of the defect, but accepted the delayed premium notwithstanding this, and when the central body attempted to defend against a suit on the certificate, it was met with the answer that the knowledge of the subordinate lodge was that of the superior, and its acceptance of the assessment bound the latter. 29 Cyc. 43 and 189.

It happened at times that the member of the subordinate lodge, sympathizing with the delinquent member, who was generally a close friend, took his payment against the express orders of the higher authority, and thus actually perpetrated a fraud on the general membership of the order, although actuated by kindly feeling for the local member. For these reasons, it became common for the Constitution and by-laws of the central body to provide that the local lodge could not waive any of the conditions of the certificate of insurance, or the by-laws of the order, nor accept payment of overdue assessments without the consent of the higher authorities, and legislation was secured in many states making valid such provisions. These statutes have frequently been construed, and their provisions are generally held binding on the insured. *Sovereign Camp, W. O. W.,* v. *Smith,* 22 Ariz. 1, 193 Pac. 758; *Barganier* v. *Knights of M.,* 147 La. 409, 85 South. 57; *W. O. W.* v. *McHenry,* 197 Ala. 541, 73 South. 97.

The added sentence in our statute does not pretend to affect any provision of the by-laws or any limitations of the right of waiver, except the objection that the dues were not paid at the proper time. All other conditions and limitations both of the certificate and of the by-laws remain in full force and effect, including the one that the tender of such dues is a warranty by the insured that he is then in good health, and that their acceptance does not reinstate the member or entitle him to any rights under his

insurance certificate if he is not actually in such health.

Now, if a member of a beneficiary society has forfeited his right to benefits, the society may impose such reasonable terms on his reinstatement as it sees fit, and unless all the terms are complied with, it is not liable for benefits accruing after the forfeiture. *Brun* v. *Supreme Council*, 15 Colo. App. 538, 63 Pac. 796; *McLaughlin* v. *Supreme Council*, 184 Mass. 298, 68 N. E. 344.

The warranty of good health, and actual good health on the part of the insured, are expressly made conditions precedent to the reinstatement of the already automatically forfeited certificate in this case. A somewhat similar situation arose in *Richards* v. *Maine Benefit Assn.*, 85 Me. 99, 26 Atl. 1050. Therein the insured allowed his assessments to go unpaid until his certificate had lapsed, and afterward caused it to be reinstated by paying his back dues, and fraudulently concealing his state of health. It was held that, notwithstanding the acceptance of the back dues, he could not recover. The principle involved herein is discussed in *Cromeens* v. *W. O. W.*, 208 Mo. App. 11, 233 S. W. 287, and it is held that a false warranty as to health voided the certificate, notwithstanding the acceptance of dues by the local lodge. It is true that case refers to an original application for insurance, but there is no reason why the same rule should not apply to a false warranty on a reinstatement, when it is expressly agreed the warranty is made as a condition for such reinstatement. See, also, *Marshall* v. *Women's Mut. Ins. & Acc. Co.* (Super. Ct.), 11 N. Y. Supp. 700.

It seems to us that the position of the defendant herein is but reasonable. It is provided expressly in its original certificate that if a member, through his own negligence, forfeits his insurance, it cannot

be reinstated unless he warrants himself to be in good health, and is actually so, at the time of his application for reinstatement. This condition is not unreasonable. Insurance companies are not organized nor are their premiums calculated on the basis of insuring those already sick, but upon the insuring of the well against a future illness or death. The doctrine of waiver is based on knowledge, and unless the statute clearly requires it, we should not hold that acceptance of past-due assessments on an insurance certificate which has automatically lapsed waives, not only what the insurer already knows, to wit, that the payment is overdue, but also through *ex post facto* action (for that is the only way such result can be produced) reinstates the lapsed policy by a compulsory waiver of the very thing expressly stipulated as essential to reinstatement, and which the insured has agreed he warrants by the very offer of his money, and without which warranty it could not, and would not, have been accepted.

We hold that the last sentence of paragraph 3490, *supra,* does not waive a warranty by the insured that he is in good health, when he tenders his past-due payments and they are accepted by the insurer. While it is true that insurance contracts are construed most strongly in favor of the insured, and every reasonable intendment should be indulged in to uphold the validity of a policy, a decision to the effect that an insured person who had, by his own negligence, and with full knowledge of it, forfeited any right to recovery on his policy, could, when he discovered himself to be in imminent danger of death, conceal such a fact from the insurer, pay his delinquent premiums, and thereby give to his beneficiary a right to recover on his death, notwithstanding his intentional concealment of his true condition, would open wide the door to frauds of every nature.

Plaintiff having by his demurrer in effect admitted that the insured was, at the time of her delinquent payment on March 29th, confined to her bed with tuberculosis, nephritis and cardiac trouble, and that defendant had no knowledge of her condition until after her death, it is plain the warranty of good health was, to her knowledge, untrue, and the payment did not reinstate the certificate.

The judgment is reversed and remanded to the superior court of Cochise county, with instruction to enter judgment for the defendant.

McALISTER, C. J., and ROSS, J., concur.