[Civil No. 2303.  Filed May 22, 1925.]

[236 Pac. 708.]

# LOGIA SUPREME DE LA ALIANZA HISPANO-AMERICANA, a Corporation, Appellant, v. SOLEDAD GOLDSCHMIDT DE ALONZO, Appellee.

INSURANCE—ACCEPTANCE BY LOCAL LODGE OF PAST-DUE DUES AND ASSESSMENTS HELD NOT A WAIVER OF REQUIREMENT AS TO SUSPENSIONS AND REINSTATEMENTS.—Where insured at time of paying delinquent dues and assessments was suffering from broncho-pneumonia and on day following he died, acceptance thereof by local lodge and transmittal to Supreme Lodge before insured's death *held* not a waiver of constitutional requirements as to suspensions and reinstatements (which were not changed by Civil Code 1913, paragraph 3490), where local lodge accepted such dues and assessments only as a deposit pending insured's reinstatement and in so doing was more his representative than representative of Supreme Lodge.

See (1) 29 **Cyc.**, p. 183.

APPEAL from a judgment of the Superior Court of the County of Santa Cruz. M. Marsteller, Judge. Judgment reversed and cause remanded with directions to dismiss plaintiff's complaint.

Mr. H. V. Anaya and Mr. A. O. Bray, for Appellant.

Messrs. Hardy & Hardy, for Appellee.

ROSS, J.—The appellee, as beneficiary in a certificate of membership issued to Jose Diaz Alonzo, her husband, on November 16, 1919, by appellant's local Lodge No. 6, at Nogales, Arizona, instituted this suit alleging that Alonzo during his lifetime fully com-

Power of local lodge to waive forfeiture incurred by member, see note in **Ann. Cas.** 1916D, 594.  See, also, 19 **R. C. L.** 1279.

plied with all the provisions of appellant's articles of incorporation, constitution, and by-laws in force at the time certificate was issued and thereafter adopted, as also the conditions of certificate; that said Alonzo died August 21, 1923; that the appellant had refused to furnish her blanks to make out claim against it for the insurance specified in certificate, and had refused to recognize her claim as such beneficiary; and prayed judgment for the amount stipulated in certificate.

The appellant answered the complaint setting up that Alonzo by reason of his neglect and failure to pay to appellant monthly dues and assessments for May, June and July, 1923, and his trimonthly capita in June, 1923, was not in good standing at the time of his death, but that he had been suspended and his certificate rendered void. It is also alleged that Alonzo attempted to be reinstated on August 20, 1923, while he was in poor health and sick in bed, and to that end paid to his local lodge at Nogales the delinquent dues and assessments for the months of May, June and July; but that such payments were made and received on deposit pending acceptance of his application for reinstatement.

The appellee's reply to this answer was in effect that the acceptance by the local lodge of the past-due dues and assessments, and their transmittal to appellant before Alonzo's death, was a waiver of the provisions of the constitution with reference to suspensions and reinstatements.

The court gave judgment in favor of appellee, from which the appellant prosecutes this appeal.

There is no material controversy over the facts. Appellee, however, contends these show the local lodge accepted the delinquent dues and assessments unconditionally; whereas, appellant insists they were accepted, in accordance with the constitution and by-laws, as a deposit pending the approval of Alonzo's application for reinstatement. On this question the

court's findings of fact and conclusions are with appellee.

The appellant's constitution provides that if a member fail to pay his assessments and dues on or before the last day of the month, he shall be thereby suspended in all his rights as a member of the society. He may be reinstated, however, within thirty days following such automatic suspension, if he is in good health, by paying all assessments. If the suspension is for more than thirty days but within three months, he can also be reinstated by paying all assessments and signing a certificate of good health. If the suspension is for more than three months and less than six he may be reinstated upon paying all assessments in arrear and by submitting himself to a medical examination, in which case the member shall not be considered reinstated until his examination shall be approved by the physician of the Supreme Lodge. If the medical examiner rejects the member his advances shall be refunded to him. Assessments for reinstatement are required to be paid to the secretary of the local lodge "as a deposit pending the approval" of his application "by the majority of the members of his lodge," and if a majority approve the reinstatement the member shall be at once considered reinstated, and the secretary shall remit the report of said reinstatement, together with assessments in arrear, to the Supreme Secretary.

The minute record of the local lodge concerning the application of Alonzo for reinstatement is to the effect that his delinquent dues and assessments were tendered to the secretary of the local lodge No. 6, on August 20th, with the information that he "was somewhat or slightly ill." The secretary refused to accept them, but advised the lodge of the situation. After the matter was discussed by the members, his sickness and his lack of means being considered, "it was agreed to remit to the Supreme Lodge the assess-

ments paid for Alonzo and to appoint Brother Miguel Cervantes to recommend to Brother Supreme Secretary, in view of the fact that the home of a poor brother, which in case of his death, would be in poor circumstances.''

According to the provisions of the constitution, Alonzo was automatically suspended from the lodge and all his rights as a member lost on the thirty-first day of May, that being the last day upon which he could pay the dues and assessments for the month of May. One of the conditions of his right to be reinstated was that he should be at the time in good health. This was made so by the terms of the certificate which by reference made the constitution and by-laws of the society parts of the contract. The appellee, however, contends that the constitution of the appellant placed the power of reinstating its members in the hands of the local lodge, and that the local lodge could and did in this case waive the provision requiring the member applying for reinstatement to be in good health by accepting his delinquent dues and assessments and remitting them to the Supreme Lodge, and that the latter was bound thereby.

It is clear to us from the action taken by the local lodge, as recited in its minutes, that it was not its intention to accept such delinquent dues and assessments and unconditionally to reinstate Alonzo. The minute entry shows upon its face that the local lodge took into consideration that Alonzo was sick and that he would probably not recover, and out of sympathy and on account of friendship the members accepted the money agreeing to exert their influence to have the Supreme Lodge reinstate Alonzo. Since one of the conditions of a member's right to be reinstated was that he should be in good health at the time of his application, he, as well as the local lodge, was bound by that condition. It is apparent that was recognized by the members of the local lodge, and that they ac-

cepted from Alonzo the delinquent dues and assessments only as a deposit pending his reinstatement, and they in accepting such undertaking were more his representative or agent than the representative or agent of the Supreme Lodge.

Under a state of facts somewhat similar, and a contract of practically the same import, we recently (on April 18, 1925), in *Supreme Lodge of Fraternal Brotherhood* v. *Grijalva, supra,* p. 77, 235 Pac. 397, held that the stipulation in contract that a suspended member should be in good health at the time of reinstatement was in the nature of a warranty of a present fact and an express condition of the tender and acceptance of delinquent dues and assessments, and that the limitations in the constitution of appellant upon the power and authority of subordinate officers and lodges was not changed by paragraph 3490 of the Civil Code 1913. We also held in that case that a failure to pay dues and assessments automatically voided the certificate, and that one applying for reinstatement in a society governed by by-laws very much like those in the present case "warranted her own good health, and agreed that the acceptance thereof should not of itself reinstate her unless she was in good health; that the statute, by its terms, waives only the subsequent raising of one specific objection to the validity of the certificate, viz., the dilatory payment, but that cannot be extended to include a waiver of a warranty of present fact."

The evidence discloses that Alonzo at the time he was asking to be reinstated was suffering with broncho-pneumonia, and that on the day following the payment of dues and assessments he died therefrom. Under such circumstances, to allow a recovery on his certificate would be tantamount to holding the defendant society as being in the business of insuring the sick and not the well, notwithstanding all the provi-

sions in its constitution requiring applicants for rein-statement to be in ''good health.''

We think the decision in the Grijalva case is decisive of this case, and that the judgment should be reversed, and the cause remanded, with directions that the plaintiff's complaint be dismissed. It is so ordered.

McALISTER, C. J., and LOCKWOOD, J., concur.