[Civil No. 2868.   Filed October 3, 1930.]

[291 Pac. 996.]

THE SOVEREIGN CAMP OF THE WOODMEN OF THE WORLD, a Corporation, Appellant, v. FRANCISCA G. De ORTEGA, Appellee.

Mr. Joseph M. Holub, for Appellant.

Mr. Graham Foster, for Appellee.

ROSS, J.—On June 6, 1925, the Sovereign Camp of the Woodmen of the World, through its local Camp No. 102, at Miami, Arizona, accepted Ramon Ortega into its membership and issued to him a benefit certificate designating his wife, Francisca G. de Ortega, as beneficiary, wherein it bound itself to pay to the beneficiary the sum of $1,000 if Ortega should die while a member in good standing.

Ortega died May 19, 1927, and this suit is by the beneficiary to recover the $1,000.

The defendant answered the complaint alleging that Ramon Ortega had agreed to pay it monthly assessments and camp dues and to make such payments on or before the last day of the month, and had agreed that a failure to make such payments within the month would completely terminate the contract and bar all benefits, unless upon a showing of present good health and for thirty days thereafter, and after conforming with the by-laws and constitution of the defendant, and making payments of all back dues and assessments, he was reinstated under a new contract. It is further averred that Ortega failed to pay the monthly assessment for the month of November, 1926, to the local Camp No. 102 on or before the last day of that month, as agreed, and for such nonpayment had become and was suspended on December 1,

1926, and therefore was not a member when he died. It is also alleged that at the time Ortega was suspended he was afflicted with miner's consumption, of which he died.

A like allegation of default, suspension, and ineligibility, on account of sickness, is made for the month of December, 1926.

The case was tried upon the issues thus outlined, and the jury returned a verdict for plaintiff for $1,000, upon which judgment was entered.

The appeal is from the judgment and the order denying defendant a new trial.

The assignments of error are that the evidence does not support the verdict or the judgment, but that it conclusively shows that Ramon Ortega did not pay the assessment for November *during that month,* was not reinstated as a member, and could not be because of his illness. These assignments are predicated upon the facts as disclosed by the transcript of the testimony. The plaintiff herself introduced the receipt for the payment of assessments and dues for the month of November, 1926, which shows upon its face that such assessments and dues were not paid until December 6, 1926. Under the constitution and by-laws of the defendant, and the contract made and entered into between the parties, this default on the part of Ortega automatically suspended him as a member of defendant and barred him and his beneficiary from all benefits. It also appears that he was not reinstated, and could not be because he was not at the time of suspension, or at any time thereafter, in good health.

The facts of the case bring it within the rule laid down by this court in *Supreme Lodge, etc.,* v. *Grijalva,* 28 Ariz. 77, 235 Pac. 397, and *Logia Supreme, etc.,* v. *De Alonzo,* 28 Ariz. 230, 236 Pac. 708.

We think the court erred in entering judgment upon the verdict and in not granting the motion for a

new trial. The judgment upon the undisputed evidence should have gone for the defendant, and as no other judgment could be entered upon a new trial, we will not order one, but will here enter judgment for the defendant. It is so ordered.

LOCKWOOD, C. J., and McALISTER, J., concur.