## THE TRAVELERS INSURANCE COMPANY *v.* R & W TRANSPORTATION, INC.

[No. 272A80. Filed May 23, 1972. Rehearing denied June 15, 1972.
Transfer denied November 20, 1972.]

*Roland Obenchain, Thomas F. Lewis, Jr., Jones, Obenchain, Johnson, Ford & Pankow,* of South Bend, for appellant.

*George Wildman, Miller, Tolbert, Hirschauer & Wildman,* of Logansport, for appellee.

HOFFMAN, C.J.—This appeal presents the following three issues for review: 1) Whether the trial court erred in giving, over objection, plaintiff's Instruction No. 8; 2) whether the

trial court erred in giving, over objection, plaintiff's Instruction No. 6; and 3) whether the verdict is contrary to law.

The facts viewed most favorably to the appellee may be briefly summarized as follows:

Appellant, The Travelers Insurance Company (Travelers) issued a policy of insurance to appellee, R & W Transportation, Inc. (R & W). The policy was sold to R & W by J. F. Murdock & Co., Inc. under an agency agreement with Travelers. The policy of insurance was to cover a fleet of trucks owned by R & W for the period of March 1, 1968, to March 1, 1969, for a premium of $4,493.50.

The policy contained a cancellation clause which, in pertinent part, reads as follows:

"24. CANCELATION. * * * This policy may be canceled by the company by mailing to the named insured at the address shown in this policy written notice stating when not less than ten days thereafter such cancelation shall be effective. The mailing of notice as aforesaid shall be sufficient proof of notice. The effective date and hour of cancelation stated in the notice shall become the end of the policy period. * * *."

On July 30, 1968, Travelers sent R & W notice of cancellation of the policy effective August 11, 1968. Such notice of cancellation was withdrawn by a notice of reinstatement issued by Travelers to R & W on July 30, 1968.

A second notice of cancellation was mailed to R & W on August 19, 1968, effective August 31, 1968. The president of R & W testified that "to my [his] knowledge," the notice was not received by R. & W.

Subsequently, R & W received a letter dated September 13, 1968, from J. F. Murdock & Co., Inc. which concerned premiums due which reads, in pertinent part, as follows:

"Dear Sirs:

"After reviewing your policy, due to so many changes, the only way we can give you a figure per unit is to give an average, see below—

"Average per unit—$246.21.

"Installment payments (three) as follows:

"3/1/68—1st installment _____$2560.60
(amt. pd. $1797.50) bal. $763.10
6/1/68—2nd installment _____$1920.45
9/1/68—3rd installment _____$1920.45
Total amount due _____$4604.00

"Hoping this will clear the premium question for you.
"If you have any other questions, please feel free to get in touch with us.

"Very truly yours,
/s/ A. J. Appalonia
J. F. Murdock & Company, Inc."

On September 25, 1968, and September 27, 1968, R & W remitted two checks in the total amount of $3,069.50 to the Murdock Agency. Both checks were accepted and cashed.

On November 6, 1968, a diesel tractor, identified in the policy of insurance, was damaged in a collision. The president of R & W testified that the accident was reported to the Agency "as soon as it happened." Coverage of the loss was denied. Approximately a year later a formal claim was filed against Travelers with the Joe Herd Agency. In the interim J. F. Murdock & Co., Inc. had filed for bankruptcy, and Travelers had audited the Murdock Agency files. The files had then been transferred to the Joe Herd Agency. Coverage was again denied.

On September 24, 1970, R & W filed its complaint alleging that such policy was issued and coverage bound by Travelers' agent, the Murdock Agency, and was in effect on the day of the accident. The complaint further alleged that Travelers had refused to pay the collision loss incurred.

Travelers filed its answer alleging, *inter alia*, that the policy

issued to R & W had been cancelled, effective August 31, 1968, and there was no policy of insurance in effect on the day of the collision.

Following a change of venue, trial was to a jury which returned its verdict in favor of appellee, R & W Transportation, Inc., for damages in the sum of $7,442.50. Judgment was accordingly entered thereon by the trial court.

Travelers' amended motion to correct errors was overruled and this appeal followed.

In accordance with Rule AP. 8.3(A), Indiana Rules of Procedure, Travelers has preserved three issues for this court's review. The first issue is whether the trial court erred in giving, over objection, plaintiff's Instruction No. 8, which reads as follows:

> "If you find that Defendant, The Travelers Insurance Company, or its agent, accepted a check in payment of a premium due on the policy in question, then I instruct you that such conduct on the part of Defendant or its agent would constitute a waiver of its right to insist on a cancellation of said policy, and the Defendant, The Travelers Insurance Company, would be estopped from raising the question in this action, and your verdict should be for the Plaintiff, R & W Transportation, Inc., and against the Defendant, The Travelers Insurance Company, if you find the Plaintiff has proved the material allegations of its complaint."

Travelers' sole contention in regard to this instruction is that this is a mandatory instruction and, as such, is erroneous because it omits certain elements necessary for recovery under the theory of estoppel and waiver.

In *Davison* v. *Williams* (1968), 251 Ind. 448, at 453, 454, 242 N. E. 2d 101, at 103, 104, is found the following statement pertaining to a mandatory instruction:

> "'A mandatory instruction is one which unequivocally charges the jury that if they find from a preponderance of the evidence that a certain set of facts exists, they must render a verdict in accordance therewith either for the plaintiff or defendant.' 2 Wiltrout,

Indiana Practice § 1400 (8) p. 344 (1967).

\* \* \*

"As noted above, it is well-settled in Indiana that a *mandatory instruction* must set out all elements essential for recovery, and if an essential element is omitted, the instruction is erroneous and cannot be cured by other instructions. Taylor v. Fitzpatrick (1956), 235 Ind. 238, 132 N. E. 2d 919; Redd v. Indianapolis Railways (1951), 121 Ind. App. 472, 97 N. E. 2d 501. \* \* \*."

Under the above definition plaintiff's Instruction No. 8 is clearly not mandatory in form. No facts are set forth upon which the jury is directed to reach a certain result. See: *Jessop* v. *Werner Transportation Company* (1970), 147 Ind. App. 408, 261 N. E. 2d 598, 22 Ind. Dec. 503 (transfer denied) ; *Perry* v. *Goss* (1970), 253 Ind. 603, 255 N. E. 2d 923, 20 Ind. Dec. 433.

Plaintiff's Instruction No. 8 is merely a general instruction to the jury that if Travelers or its agent accepted a check in payment of a premium due the defense of cancellation would be unavailable to the insurer. The instruction further states that the verdict should be for the plaintiff if "the plaintiff has proved the material allegations of its complaint." Appellant has shown no error in regard to plaintiff's Instruction No. 8 being mandatory in nature.

The next issue raised by appellant-Travelers is whether it was denied a fair trial by the court having given, over objection, plaintiff's Instruction No. 6, which reads as follows:

"The Court instructs the jury, that when a person or a corporation by their words or conduct voluntarily cause another to believe in the existence of a certain state of things, and thereby induces him to act on that belief, the person inducing such belief will be estopped from afterwards denying the existence of such state of things, to the prejudice of the person so acting. You are also instructed that estoppel can arise from the acceptance and retention, by one having knowledge or notice of the facts, of benefits from a transaction which he might have rejected or contested. So in this case, if you find from the evidence that the Defendant,

The Travelers Insurance Company, accepted and retained property of J. F. Murdock & Company, Inc. having knowledge of the acts of J. F. Murdock & Company, Inc., Defendant would then be estopped to deny the acts of the said J. F. Murdock & Company, Inc."

At the time of trial Travelers made the following objection to the giving of this instruction:

"The Defendant OBJECTS to Instruction No. 6 tendered by the Plaintiff and states as grounds for objection, the following: The evidence in this cause is devoid of any proof, whatsoever, that defendant insurance company accepted or retained any property of J. F. Murdock & Company having knowledge of the act of such company, and therefore, the record is devoid of any fact upon which to base an [estoppel]."

Appellant-Travelers did not contend at trial, in its motion to correct errors, in its brief or in oral argument that plaintiff's Instruction No. 6 is an erroneous statement of law. We will, therefore, consider only the question raised by such objection[1]—whether plaintiff's instruction is based on an issue not supported by the evidence. *Lamb* v. *York* (1969), 252 Ind. 252, 247 N. E. 2d 197.

The record before us discloses that a letter concerning premiums due on the policy was sent from J. F. Murdock & Co., Inc. to R & W on September 13, 1968 (hereinabove set forth), subsequent to the alleged cancellation date of August 31, 1968. Thereafter R & W remitted two checks to the Murdock Agency which accepted and cashed both checks.

The record before us also contains testimony of witnesses that the Murdock Agency files, *after being audited by Travelers,* were transferred to the Joe Herd Agency after the Murdock Agency had filed for bankruptcy. R & W's file was included in those transferred to the Joe Herd Agency. There is no evidence that the payments were refunded to R & W or that any other action was taken to warn R & W of any

---

1. See: Rule TR. 51, Indiana Rules of Procedure.

unauthorized acts of the Murdock Agency. Based on reasonable inferences from this and other evidence contained in the record before us, the jury could have found that Travelers ratified the acts of J. F. Murdock & Co., Inc., even if unauthorized, by having knowledge of such acts, and accepting the benefits therefrom. Plaintiff's Instruction No. 6 is based on issues supported by the evidence.

The final issue argued by Travelers is whether the verdict is contrary to law because the "uncontradicted and overwhelming weight of the evidence established as a matter of law that the insurance contract * * * was cancelled by the defendant prior to plaintiff's alleged loss."

Assuming, arguendo, cancellation is shown by the "uncontradicted evidence" Travelers has shown no error by this argument. If the agent's acts were authorized, there is sufficient evidence in the record before us from which the jury could have applied the theory of estoppel and waiver. Thus, the defense of cancellation would be unavailable. If the agent's acts were unauthorized, there is sufficient evidence in the record from which the jury could have applied the theory of ratification as previously discussed.

Appellant has shown no reversible error regarding the three issues argued herein. Furthermore, having considered the record in its entirety, the briefs of both parties and the statements of counsel at the time of oral argument, we are convinced that the jury was adequately apprised of the applicable law, that the cause was fairly tried and that substantial justice was done.

The judgment of the trial court is affirmed.

Judgment affirmed.

Sharp and Staton, JJ., concur.

NOTE.—Reported in 282 N. E. 2d 554.