666 P.2d 542

**STATE COMPENSATION FUND,**
Petitioner Carrier,

v.

The **INDUSTRIAL COMMISSION OF ARIZONA,** Respondent,

**Reginald Sharp, Respondent Employee,**

**Earl Platt, dba Earl Platt Ranch,** Respondent Employer.

No. 1 CA–IC 2845.

Court of Appeals of Arizona, Division 1, Department C.

June 23, 1983.

Robert K. Park, Chief Counsel, State Compensation Fund by James L. Stevenson, Phoenix, for petitioner carrier.

James A. Overholt, Chief Counsel, Indus. Com'n of Ariz., Phoenix, for respondent.

Platt & Hall, P.C. by Mitchel D. Platt, St. Johns, for respondent employer.

## OPINION

JACOBSON, Presiding Judge.

The single question in this Special Action—Industrial Commission review is whether the employer was covered by workmen's compensation insurance through the State Compensation Fund on the date that an injury was sustained by one of the employer's workers. Because we find that the legal analysis in the award led the hearing judge to an erroneous conclusion, we set aside the award.

Respondent Employer Earl Platt is the owner of Earl Platt Ranch near St. Johns, Arizona. A ranch employee was injured in the course of his employment on February 6, 1980. There is no dispute regarding the employee's entitlement to benefits. The contested issue arose when the State Compensation Fund determined that Earl Platt did not have coverage for the injured employee through the fund for workmen's compensation benefits.

Employer Platt had previously been covered by workmen's compensation through the State Compensation Fund. These policies of insurance were for an annual period of one year from January through December. In early 1979 a controversy arose between Platt and the State Compensation

Fund regarding an unpaid past due premium. When the premium was not paid, the carrier mailed the employer a notice on April 6, 1979, advising him that his policy of insurance would be cancelled in 30 days for non-payment of premium. On April 26, 1979, the carrier mailed a further notice to the petitioner employer that the insurance coverage would be cancelled effective May 6, 1979, for non-payment of premium. A final notice was mailed to the employer on May 11, 1979, confirming that the workmen's compensation insurance which had been provided by the State Compensation Fund had been cancelled effective May 6, 1979. Subsequent to the date of cancellation, Platt mailed a check to the Fund which was accepted and cashed. Based on this action by the Fund, the administrative law judge found that the workmen's compensation policy was still in effect at the date of injury.

The administrative law judge might have been correct in his conclusion if the injury in question had occurred during the policy period.[1] However, the contract of insurance in this case provided that all the provisions of the policy applied separately to each consecutive twelve month period; and, when read together with the endorsement no. 1065, shows that the termination date for the purposes of application of the conditions of the policy was December 31, 1979. Thus, even if the acceptance of the past due premium precluded the carrier from asserting that cancellation of the policy occurred in May 1979, the acceptance of the past-due premium could do no more than continue the coverage in effect until the natural termination date of the policy, or December 1979.

The law is well settled in Arizona that the operation of the theory of estoppel cannot bring within the coverage of an insurance policy risks not covered by its terms, *Connolly v. Great Basin Insurance Company*, 6 Ariz.App. 280, 431 P.2d 921

---

1. It is generally recognized that if an insurance company accepts and retains premiums paid after cancellation for non-payment of a premium, the insurance company is estopped to raise cancellation for non-payment as a defense for claims arising during the policy period. *See*

*The Supreme Lodge of Fraternal Brotherhood v. Grijalva*, 28 Ariz. 77, 235 P. 397 (1925); *Traveler's Insurance Co. v. R. & W. Transportation, Inc.*, 152 Ind.App. 164, 282 N.E.2d 554 (1972).

(1967); *Sellers v. Allstate Insurance Company,* 113 Ariz. 419, 555 P.2d 1113 (1976). In this case, to impose continued coverage past the anniversary date of the policy would have the effect of using estoppel to create a new insurance policy. The award, which finds that acceptance of a past due premium created coverage beyond the December, 1979 anniversary date is in error.

The employer asserts, nevertheless, that the carrier had retained in its possession unearned premiums in the amount of $888.48. Urging this fact as a second estoppel argument, the employer contends that the amount should have been used to keep the policy in effect beyond its anniversary date and that therefore the award finding coverage is correct.

Platt has cited to the court general liability insurance law to the effect that an insurer has a duty to its insured to apply funds in its hands belonging to the insured to premiums so as to avoid cancellation of the policy for non-payment of premiums. *See* 6 Couch on Insurance 2d § 31:76. The Fund argues that the general liability insurance law does not apply in the workers' compensation insurance field because the amount of premium due depends upon the number of workers employed and thus the amount of premium cannot be readily ascertained without an audit and the employer filing reports which was never done in this case.

We do not attempt to resolve this issue at this time primarily because the administrative law judge was not presented with the issue, nor is there a sufficient factual basis to determine whether in fact the Fund held monies in its hands at the end of the policy period which should have been applied to keep the policy in force. Admittedly, the Fund refunded to Platt the sum of $888.48. However, this was based upon a cancellation date of May, 1979. There is no factual determination as to whether this same sum or any sum would have been refundable if a cancellation date of December 31, 1979, was utilized. Moreover, whether the policy itself would preclude the Fund from applying deposit premiums to keep the policy in force is in doubt. In short, these legal and factual issues are best resolved in the first instance by the Commission.

Finally, a third estoppel argument raised by the employer in defense of the award in this case is that the employer was led to believe that his insurance policy, subsequent to the cancellation notice, would be reinstated and in fact was reinstated. This particular estoppel argument was not the basis of the hearing judge's award and this argument cannot be determined as a strictly legal question. We recognize that the employer, who was the successful party in the award, had little reason to request the hearing judge to make additional findings on other theories. However, absent essential factual determinations in the award, the matter cannot be reviewed. For this reason the employer's argument of estoppel, by way of statements arguably made by the carrier's agents and relied upon by the employer, cannot be used on review to support the award in the case.

For the reasons stated above, the award is set aside.

BROOKS and OGG, JJ., concur.